DECISION
{¶ 1} Defendant-appellant, The Redeemed Christian Church of God ("church"), appeals from a judgment of the Franklin County Municipal Court granting restitution of the premises at 1066-1068 Country Club Road ("premises") to plaintiff-appellee, Beverlee Sokol. Augustine Krukrubo, who sought to intervene in the trial court, also is designated an appellant in the notice of appeal. The church and Krukrubo assign five errors:
1. THE MUNICIPAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGEMENT [sic] IN FAVOR OF APPELLEE BEVERLEE SOKOL.
2. JUDGMENT OF THE MUNICIPAL COURT IN FAVOR OF APPELLEE VIOLATED APPELLANTS' CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION AND DUE PROCESS.
3. THE JUDGMENT OF THE MUNICIPAL COURT ERRED WHEN IT IGNORED THE STATUTORY LAW ON LIEN PRIORITIES.
4. THE MUNICIPAL COURT ERRED IN GRANTING APPELLEE JUDGMENT SEQUESTERING RENTS WHEN SUCH RIGHT[S] ARE PREMATURE.
5. THE MUNICIPAL COURT ERRED IN GRANTING JUDGMENT ON FORCIBLE ENTRY AND DETAINER ALONE WITHOUT TRANSFERRING ENTIRE CASE TO THE COMMON PLEAS COURT FOR COMPLETE ADJUDICATION UPON ALL ISSUES.
Because the church vacated the premises, the appeal is moot.
 {¶ 2} On July 16, 2004, plaintiff sold the premises to Augustine Krukrubo for $530,000. To finance the purchase, Krukrubo not only provided personal equity, but also acquired a $318,000 loan from InterBay Funding, LLC, secured by a first mortgage on the premises. Because Krukrubo needed additional funds to meet the purchase price, he obtained a $53,000 second mortgage loan from plaintiff. In exchange, Krukrubo gave plaintiff a cognovit promissory note and an agreement assigning the tenant's lease payments to plaintiff ("agreement"). The second mortgage provided that if Krukrubo defaulted on the note, plaintiff was entitled to exercise her rights under the agreement "to demand and sue for possession of the Premises covered by the Leases." (Assignment of Rents and Leases, ¶ 3.)
 {¶ 3} Krukrubo, as owner, leased the premises to the church for a year before the note matured, but Krukrubo's inability to pay the balance on the note resulted in default of the second mortgage. Pursuant to the agreement, plaintiff filed a complaint for forcible entry and detainer ("FED"), rental payments, and damages against the church; Krukrubo was not named a defendant in the complaint. The church answered, and Krukrubo moved to intervene. The trial court did not rule on the motion to intervene, and it thus is treated as though the court overruled it. In re Gdn. of Sechler (Dec. 24, 1996), Franklin App. No. 96APF03-359.
 {¶ 4} After an eviction hearing, a magistrate dismissed plaintiff's complaint because plaintiff did not meet the statutory definition of landlord under R.C. 1923.01(C)(2). Plaintiff filed objections to the magistrate's decision, and on March 20, 2006, the trial court sustained the objections, rejected the magistrate's decision, and entered judgment in favor of plaintiff on her FED action only.
 {¶ 5} On March 28, 2006, Krukrubo and the church filed a notice of appeal and moved this court for a stay of execution pending appeal. While this court granted the motion, it conditioned the stay upon (1) the church's posting, no later than April 7, 2006, a supersedeas or cash bond in the amount of $4,500, and (2) the church's continuing to pay its monthly financial obligation to plaintiff. The church never posted bond, and it vacated the premises in April 2006. On April 13, 2006, plaintiff filed a motion to dismiss the church's appeal because the church vacated the premises, rendering the appeal moot.
 {¶ 6} An FED action decides only the right to immediate possession and nothing else. Seventh Urban, Inc. v. UniversityCircle (1981), 67 Ohio St.2d 19, 25, fn. 11. If immediate possession is no longer an issue because the tenant vacated the premises, then the FED appeal is unnecessary because further relief generally cannot be granted. We recognize that certain exceptions exist. Blosser v. Bowman (May 1, 2001), Franklin App. No. 00AP-1140; C W Investment Co. v. Midwest Vending,Inc., Franklin App. No. 03AP-40, 2003-Ohio-4688; Sandefur Mgmt.Co. v. Minor (Apr. 18, 1985), Franklin App. No. 84AP-220. Among the three most common exceptions are instances "where the appellant retains an ongoing interest in the subject on appeal, where there are other persons similarly situated who would benefit from the resolution of the issue on appeal, or where the question appealed is one of great public importance." Id.
 {¶ 7} None of the three exceptions applies here. The church, the only tenant to the premises and thus the only party the eviction directly affects, vacated the premises while the appeal was pending, and nothing in the record suggests the church has any further interest in the premises. No other party was a tenant of the premises, so no one else is so situated as to benefit from a decision on appeal. Finally, because the issues are of interest only to the parties, the appeal fails to be a matter of great public importance. The church's appeal of the trial court's decision granting restitution of the premises to plaintiff is moot, and the appeal thus is dismissed.
 {¶ 8} We separately note that Krukrubo's motion to intervene was not granted, and he is not a party to this action. We further observe that Krukrubo is not authorized to represent the church in this action because the church is a non-profit corporation and Krukrubo is not an attorney. Although Krukrubo is the church's pastor and statutory agent, a corporate officer or agent may not represent a corporation unless he or she is an attorney.Cleveland Bar Assn. v. Pearlman, 106 Ohio St.3d 136,2005-Ohio-4107, at ¶ 8.
 {¶ 9} Accordingly, we dismiss the appeal.
Appeal dismissed.
Brown and French, JJ., concur.