OPINION
{¶ 1} Plaintiff-appellant, WashPro Express, LLC ("WashPro Express"), appeals the decision of the Butler County Court of Common Pleas, dismissing its complaint against defendant-appellee VERwater Environmental, LLC ("VERwater").[1]
 {¶ 2} WashPro Express owns and operates car wash facilities in Ohio, including one *Page 2 
on Glenway Avenue in Cincinnati and one on Union Centre Boulevard in West Chester. VERwater manufactures and sells water reclamation systems that clean and recycle water used in car wash facilities.
 {¶ 3} On July 24, 2004, VERwater entered into a written agreement with WashPro Car Wash Systems, Inc. ("WashPro, Inc."),[2] whereby WashPro, Inc. agreed to purchase one of VERwater's systems. After purchasing VERwater's system, WashPro, Inc. resold the system to WashPro Express, and WashPro Express installed the system in its Glenway Ave. facility. On September 17, 2004, WashPro Express representatives met with VERwater representatives and observed one of VERwater's systems being used in a car wash owned by Green Lantern Car Wash, LLC ("Green Lantern") in Missouri. On April 26, 2005, VERwater entered into another sales agreement with WashPro, Inc. for a second system, which Washpro, Inc. then sold to Washpro Express for use in its Union Centre Boulevard facility.
 {¶ 4} On October 7, 2005, WashPro Express filed a complaint against VERwater and Green Lantern, after WashPro Express became dissatisfied with the performance of VERwater's system. On January 23, 2006, VERwater filed a motion to dismiss the action for lack of personal jurisdiction, improper venue, and failure to join Washpro, Inc. as a necessary party. On February 27, 2006, the trial court granted VERwater's motion to dismiss based on improper venue. WashPro Express appeals the trial court's decision, raising a single assignment of error.
 {¶ 5} Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE." *Page 3 
 {¶ 7} In its assignment of error, WashPro Express argues that because it was not a party to the contract between VERwater and WashPro, Inc., it cannot be bound by the forum selection clause contained in that contract. We agree.
 {¶ 8} Our review of the trial court's decision granting VERwater's motion to dismiss the complaint is de novo. State ex rel. Dickens v.Moore, Warren App. No. CA2006-03-035, 2006-Ohio-5503, ¶ 10; Hunt v.Marksmen Prod., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760, 762.
 {¶ 9} "Essential to valid contract formation is a meeting of the minds by the parties as to the essential terms of the contract, such that `a reasonable person would find that the parties manifested a present intention to be bound to an agreement.'" Zelina v. Hillyer,165 Ohio App.3d 255, 2005-Ohio-5803, ¶ 12, citing Telxon Corp. v. Smart Media ofDelaware, Inc., Summit App. Nos. 22098, 22099, 2005-Ohio-4931, ¶ 40. Accordingly, under basic principles of contract law, a contractual agreement is unenforceable against a person or entity who was not a party to the contract. Benjamin v. Pipoly, 155 Ohio App.3d 171,2003-Ohio-5666, ¶ 50, citing Covington v. Lucia, 151 Ohio App.3d 409,2003-Ohio-346.
 {¶ 10} In this matter, the trial court granted VERwater's motion to dismiss, citing a forum selection clause in two contractual agreements. According to the record, the first agreement, entered into on July 23, 2004, was signed by Dennis Berndt, as "CFO" of VERwater, and J. Matt Harrell, as "President" of "WashPro Car Wash Systems, Inc." The agreement contained a choice of forum clause, in which it provided that "[i]f a dispute concerning this Quotation or the terms of this Agreement arises, VERwater and [WashPro, Inc.] will attempt to resolve the dispute without resorting to legal process; however, if any legal action is filed as a result of a dispute concerning this Quotation, the terms of this Agreement or the product, such legal action shall be brought in the District Court of Saline, County, Kansas." Further, the agreement provided that "[t]his Quotation and Agreement *Page 4 
shall be governed by and construed in accordance with the laws of the state of Kansas."
 {¶ 11} The second agreement, entered into on April 26, 2005, was signed by Dennis Berndt simply as "CFO" and J. Matt Harrell simply as "President." This agreement contained choice of forum and applicable law clauses that mirrored the first agreement.
 {¶ 12} In its decision, the trial court found that "J. Matt Harrell, President of Washpro Car Wash Systems, Inc. was acting as the agent for Washpro Express when he executed the agreements with Verwater dated July 23, 2004 and April 26, 2005. His representations to Verwater and the authority given to him by Washpro Express reveal a textbook example of an agency relationship."
 {¶ 13} It is undisputed that WashPro Express and WashPro, Inc. are separate legal entities. Therefore, for WashPro Express to be bound by a clause contained in a contract between VERwater and WashPro, Inc., the evidence must show that WashPro, Inc. or its representative had either actual or apparent authority to act as an agent of WashPro Express.
 {¶ 14} Actual authority arises when it is expressly granted to an agent by the principal or when it is implicitly granted as is reasonably necessary to carry into effect the power expressly conferred.Damon's Missouri, Inc. v. Davis (1992), 63 Ohio St.3d 605, 608, citingSpengler v. Sonnenberg (1913), 88 Ohio St. 192, 200-201. Similarly, in order for a principal to be bound by the acts of its agent under the guidelines of apparent authority, the Supreme Court of Ohio has stated that evidence must affirmatively show "(1) that the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority." MasterConsolidated Corp. v. BancOhio Natl. Bank (1991), 61 Ohio St.3d 570,576-577. *Page 5 
 {¶ 15} After reviewing the record before us, which does not include a transcript of any hearings held on this issue, we find no evidence to support the trial court's finding that WashPro, Inc. or Harrell acted as an agent for WashPro Express. There is no evidence in the record that WashPro Express expressly or implicitly granted authority to WashPro, Inc. or Harrell to enter into contractual agreements on its behalf, or that they had any apparent authority to bind WashPro Express. Further, nothing in the record indicates that WashPro Express held out WashPro, Inc. or Harrell as an agent authorized to act on its behalf.
 {¶ 16} VERwater also raised in its motion that dismissal of this action is appropriate under Civ.R. 12(B)(2) for lack of personal jurisdiction and under 12(B)(7) for failure to join a party. Because the trial court dismissed the matter based on VERwater's 12(B)(3) motion to dismiss, the court declined to decide these issues. Therefore, we must remand the matter for the trial court to consider the other grounds in VERwater's motion to dismiss. For the reasons discussed above, WashPro Express' assignment of error is sustained.
 {¶ 17} Judgment reversed and remanded.
WALSH, P.J., and YOUNG, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.
[2] WashPro, Inc. is not a party in this matter. *Page 1