OPINION
{¶ 1} This is an accelerated appeal by defendant-appellant, Janet Corbett, of the decision of the Fairfield Municipal Court, Small Claims Division, ordering appellant to vacate a condominium unit owned by plaintiff-appellee, Hollie Owens, following a hearing on appellee's forcible entry and detainer action.
 {¶ 2} In her sole assignment of error, appellant argues that the municipal court erred in determining that the parties entered into a month-to-month lease. According to appellant, *Page 2 
the parties formed a contract through an exchange of e-mail messages. Under that contract, appellant asserts that the lease was to extend until appellee sold the condominium or until appellant found another place to live, whichever occurred sooner. Therefore, appellant argues, appellee could not terminate the lease merely upon 30 days notice, before either of the two above events occurred.[1]
 {¶ 3} After reviewing the record, we agree with the municipal court's conclusion that the e-mail messages between the parties did not constitute a written lease contract. The messages did not show a "meeting of the minds" such that a reasonable person would find an intention by the parties to be legally bound to an agreement. SeeWashPro Express, LLC v. VERwater Environmental, LLC, Butler App. No. CA2006-03-069, 2007-Ohio-910, ¶ 9 (discussing essential aspects of contract formation). The messages were simply conversations between appellant and appellee, who were friends. Appellee did state to appellant in one of the messages as follows: "[I]f you need a place to stay you can stay [at the condominium unit] until it sells[.]" Nevertheless, we do not find that a reasonable person would interpret that statement, viewed in its context, as proposing a legally binding agreement.
 {¶ 4} While the messages themselves did not constitute a written contract, the messages did refer to a prior, apparently oral agreement between the parties. The parties each stated in the messages that they had previously agreed for appellant to pay $360 per month in rent for the condominium. At the hearing before the municipal court, the parties *Page 3 
also testified that their agreement was for appellant to pay $360 per month in rent.[2]
 {¶ 5} Because the record does not show a "meeting of the minds" as to a specific duration for a lease, and because the parties agreed to monthly rent payments, we find no error by the municipal court in determining that the parties agreed to a periodic, month-to-month tenancy. See Steiner v. Minkowski (1991), 72 Ohio App.3d 754, 760
(defining periodic tenancy as one where duration of lease is for express or implied periods of time, e.g., month-to-month). Accordingly, because appellant was a month-to-month tenant, appellee could properly terminate the tenancy upon 30 days notice. See R.C. 5321.17(B); Zhou v. FranchiseFinance Corp. of America (Nov. 13, 2001), Butler App. No. CA2001-02-041,2001 WL 1402843, *4.
 {¶ 6} Based on the above discussion, we overrule appellant's sole assignment of error. We affirm the judgment of the municipal court granting appellee relief as to her forcible entry and detainer action.
YOUNG, P.J. and BRESSLER, J., concur.
[1] The parties present arguments regarding the mootness of this appeal. Because appellant's eviction could conceivably affect her ability to obtain credit, we do not find this appeal moot, even though appellant is no longer in possession of the premises. See Sokol v.Redeemed Christian Church of God, Franklin App. No. 06AP-296,2006-Ohio-5873, ¶ 6 (forcible entry and detainer appeal not moot if tenant has "an ongoing interest in the subject on appeal"). We therefore address the merits of the appeal.
[2] While there is no written evidence in the record of the parties' prior agreement, the statute of frauds is not implicated because neither party invoked it as a means of preventing the enforcement of the agreement. See, generally, 73 American Jurisprudence 2d (2001), Statute of Frauds, Section 484 (as long as the party whom the statute of frauds is designed to protect is willing to treat the contract as valid, the contract is not void). Both parties acknowledged that an enforceable lease existed. Appellee's complaint specifically mentioned the parties' "month-to-month tenancy agreement." Likewise, appellant sought to prevent her eviction based on alleged terms of the agreement. *Page 1