[Cite as *Millennia Hous. Mgt., Ltd. v. Withrow*, 2013-Ohio-278.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| MILLENNIA HOUSING MANAGEMENT, LTD., | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA2 |
| | : | |
| vs. | : | |
| | : | |
| MISTY WITHROW, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **RELEASED 01/28/13** |
| | : | |

_____

<u>APPEARANCES</u>:

Anne Sessums Rubin, SOUTHEASTERN OHIO LEGAL SERVICES, Athens, Ohio, for Appellant.

Greggory B. Elzey, Javitch, Block & Rathbone, LLC, Columbus, Ohio, for Appellee.

_____

Harsha, J.

**{¶1}** Misty Withrow appeals the trial court's judgment that terminated her occupancy of a federally-subsidized lease issued pursuant to what is commonly known as "Section 8." Withrow raises three assignments of error, but because Withrow did not request a stay of the trial court's judgment, we find that her appeal is moot. Accordingly, we dismiss Withrow's appeal.

I. FACTS

**{¶2}** Millennia terminated Withrow's federally-subsidized lease due to an alleged violation of the lease agreement and filed a forcible entry and detainer complaint against Withrow that sought restitution of the premises. Millennia alleged that Withrow defaulted upon the terms of tenancy by having an

unauthorized person inside the premises.  The trial court subsequently restored Millennia to the premises and issued a writ of restitution to remove Withrow from the premises.  Withrow did not request a stay of the trial court's judgment.

## II.  ASSIGNMENTS OF ERROR

{¶3}    Withrow raises three assignments of error:

First Assignment of Error:

"The trial court erred in denying the Appellant tenant's motion to dismiss when the Appellee landlord's notices to her lacked sufficient specificity to enable her to prepare a defense."

Second Assignment of Error:

"The trial court erred in denying the Appellant tenant an opportunity to obtain pretrial discovery from the Appellee landlord."

Third Assignment of Error:

"The trial court's decision granting restitution to the Appellee landlord is manifestly against the weight of the evidence and contrary to law."

## III.  ANALYSIS

{¶4}    Millennia argues that this appeal is moot because Withrow has been removed from the premises and it has been restored to the premises. Withrow asserts that the appeal is not moot because, as a tenant who receives federal housing assistance, she has a continuing interest in the outcome of the appeal.  Withrow contends that she has a continuing interest in the outcome of this appeal because an unfavorable court proceeding could affect her eligibility for future federal housing assistance.

{¶5}    Before we can address Withrow's assignments of error, we first must determine whether the appeal presents a case or controversy or, instead,

an abstract question not capable of judicial review. *E.g., Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 297, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979); *Muskrat v. United States*, 219 U.S. 346, 356, 31 S.Ct. 250, 55 L.Ed. 246 (1911).

> "[I]t is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies."

*Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970), citing Section 4(B), Article IV, of the Ohio Constitution. *Accord Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, &9. Moreover, the Supreme Court of Ohio has advised us that it is reversible error for an appellate court to consider the merits of an appeal that has become moot. *See State v. Berndt* (1987), 29 Ohio St3d 3, 4, 504 NE2d 712.

{¶6}  A case or controversy is lacking and the case is moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). *Accord Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). "No actual controversy exists where a case has been rendered moot by an outside event. 'It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error.'

*Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus." *Tschantz v.*

*Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). "A cause will

become moot only when it becomes impossible for a tribunal to grant meaningful

relief, even if it were to rule in favor of the party seeking relief." *Joys v. Univ. of*

*Toledo*, 10th Dist. No. 96APE08-1040 (April 29, 1997), citing *Miner*, 82 Ohio St. at

238-239.

{¶7} "A forcible entry and detainer action decides the right to immediate

possession of property and 'nothing else.'" *Goldstein v. Patel*, 9th Dist. Nos.

02CA8183, 02CA8199, 2003-Ohio-4386, ¶4, quoting *Seventh Urban Inc. v. Univ.*

*Circle Prop. Dev. Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070, n.11 (1981).

Thus, "[o]nce a landlord has been restored to property, the forcible entry and

detainer action becomes moot because, having been restored to the premises,

there is no further relief that may be granted to the landlord." *United States*

*Secy. of Hous. and Urban Dev. v. Chancellor*, 8th Dist. No. 73970 (Feb. 25,

1999). As the court explained in *Crossings Dev. Ltd. Partnership v. H.O.T., Inc.*,

96 Ohio App.3d 475, 479-80, 645 N.E.2d 159 (1994):

> "' [A] moot case arises * * * where a judgment is sought,
> upon a matter which when it is rendered, cannot have any practical
> effect upon the issues raised by the pleadings. This is the status of
> the case at bar. The inquiry is irresistible. Should the case be
> reversed[,] upon another trial below, the paradoxical situation would
> arise that the landlords were seeking to dispossess a tenant who
> had already voluntarily dispossessed himself. It would
> unequivocally appear that the landlord was seeking a right which he
> had already acquired by consummation. * * * The course, if
> plaintiffs secured judgment, would be to give them nothing but that
> which they already have and prayed for, to-wit, the possession of
> the premises and thus it would appear that the reason for this
> possession was because of the situation created by the tenant in
> vacating the property and surrendering the occupancy thereof.'"

*Crossings Dev. Ltd. Partnership v. H.O.T., Inc.*, 96 Ohio App.3d 475, 479-480, 645 N.E.2d 159 (1994), quoting *Gelfand v. Stys*, 7 Ohio Law Abs. 105, 105 (1929).  Consequently, "when a plaintiff is successful and defendant does not obtain a stay preventing its ouster and the return of the premises to the plaintiff * * * the issues are rendered moot." *Id.* at 481.

{¶8}    A defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond.  R.C. 1923.14; *Tripp v. French*, 9th Dist. No. 02CA0004-M, 2002-Ohio-6996, ¶8.  *Accord Valente v. Johnson*, 4th Dist. Nos. 06CA31 and 06CA38, 2007-Ohio-2664, ¶20.  Withrow did not obtain a stay of the judgment, and Millennia was restored to the premises  If a defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot.  *Valente* at ¶20; *Tripp* at ¶8.  A forcible entry and detainer defendant may overcome a mootness ruling by demonstrating that an exception to the mootness doctrine applies.

{¶9}    However, we do not believe that Withrow demonstrated that any exception to the mootness doctrine applies.  This court may address an otherwise moot issue "'where the issues raised are 'capable of repetition, yet evading review.'"  *State ex rel. Beacon Journal Publishing Co. v. Donaldson*, 63 Ohio St.3d 173, 175, 586 N.E.2d 101 (1992), quoting *State ex rel. Plain Dealer Publishing Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1988), paragraph one of the syllabus.  This exception "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too

short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.,* citing *Spencer v. Kemna,* 523 U.S. 1, 17–18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).  Further, "there must be more than a theoretical possibility that the action will arise again." *James A. Keller Inc. v. Flaherty,* 74 Ohio App.3d 788, 792, 600 N.E.2d 736 (10[th] Dist. 1991).

{¶10}  Additionally, we may consider an appeal (1) when the issue involves "a matter of great public interest;" or (2) when "there remains a debatable constitutional question to resolve." *Franchise Developers, Inc. v.. Cincinnati,* 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus.

{¶11}  Here, none of these exceptions applies.  Withrow has not shown that a reasonable expectation exists that she will be subject to the same action again, *i.e.,* having her lease terminated due to the presence of unauthorized persons.  This action is nothing more than a theoretical possibility.  Withrow also has not demonstrated that reviewing Millennia's decision to terminate her lease involves a matter of great public importance or a debatable constitutional question.

{¶12}  Withrow nevertheless asserts that her appeal is not moot because it involves her constitutionally protected interest in continued occupancy of federally subsidized housing.  *Showe Mgt. Corp. v. Moore*, 5th Dist. No. 08CA10, 2009-Ohio-2312, ¶38, citing *Vienna Forest Apts. v. Passmore,* 12th Dist. No. CA2004-05-104, 2005-Ohio-2368 ¶18, citing *Gorsuch Homes, Inc. v. Wooten*, 73

Ohio App.3d 426, 432, 597 N.E.2d 554 (2nd Dist. 1992). Withrow essentially requests that we recognize an additional exception to the mootness doctrine for a Section 8 tenant. Withrow argues that a tenant who receives subsidized housing has a continuing interest in the outcome of the appeal from a forcible entry and detainer action because an unfavorable court proceeding could affect the tenant's eligibility for future federal housing assistance. *Heritage Court, L.L.C. v. Merritt*, 187 Ohio App.3d 117, 125, 2010-Ohio-1711, 931 N.E.2d 194, ¶26; *Showe Mgt.*; *Sandefur Management Co. v. Minor,* 10th Dist. No. 84AP220, (Apr. 18, 1985). Withrow thus contends that her continuing interest in the outcome of the appeal renders this case justiciable. She further points out that some Ohio courts have refused to dismiss a forcible entry and detainer action as moot when it involves a tenant's constitutionally protected interest in continued federal housing assistance. *E.g., Showe Mgt.*; *Sandefur*.

{¶13} Withrow has not persuaded us that we should follow the Fifth and Tenth District Courts of Appeals and recognize an exception to the mootness doctrine. She vacated the premises without even attempting to seek a stay of the trial court's judgment. See *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶23 (stating that in a misdemeanor case, in order to prevent appeal from being declared moot on basis that defendant voluntarily completed sentence, defendant must seek stay of trial court's judgment; otherwise, court will infer defendant acquiesced in the judgment or intentionally abandoned the right of appeal). She has presented no circumstance that prevented her from seeking a stay. We recognize that Withrow is indigent,

but we are unaware of any rule of law that prevents an indigent person from seeking a stay of a trial court's judgment. Under these circumstances, we conclude that Withrow abandoned her right to appeal the trial court's judgment.

{¶14} Accordingly, we dismiss Withrow's appeal as moot.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
     William H. Harsha, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**