[Cite as *Franklinton Senior, L.L.C. v. Timson*, 2014-Ohio-3255.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Franklinton Senior, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-171 |
| v. | : | (C.P.C. No. 13CV-09-9871) |
| John W. Timson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 24, 2014

*Powers Friedman Linn, PLL,* and *Sarah S. Graham*, for appellee.

*John W. Timson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} John W. Timson, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas granting judgment in favor of plaintiff-appellee, Franklinton Senior LLC, on a forcible entry and detainer action and issuing a writ of restitution.

{¶ 2} On July 19, 2013, in the Franklin County Municipal Court, appellee filed a forcible entry and detainer action ("FED action") against appellant seeking to obtain restitution of the premises at 750 West Rich Street, Unit 303, Columbus, Ohio 43222 ("the premises"). The action included a second cause of action for money damages. In response, appellant filed an answer and a counterclaim. The counterclaim amount exceeded the monetary jurisdiction of the municipal court and, therefore, was transferred to the Franklin County Court of Common Pleas.

{¶ 3}   In the common pleas court, the case was referred to a magistrate for a hearing on the FED action.  Appellant did not appear at the hearing.  The magistrate found that appellant had been served with adequate and legal notice of the hearing well in advance of the hearing.  The magistrate then found that appellant had failed to pay his rent for over one year. Accordingly, he determined that appellee was entitled to immediate restitution of the premises.  On February 25, 2014, the court entered judgment in favor of appellee and ordered a writ of restitution to issue.

{¶ 4}   Appellant did not file objections to the magistrate's decision.  However, on March 3, 2014, appellant filed a notice of appeal along with a request for an emergency stay.  The record does not reveal that the trial court ruled on the request for an emergency stay.

{¶ 5}   At oral argument, appellant informed the court that he has vacated the premises.  Consistent with this, appellee asserts in its brief that appellant was physically removed from the premises on March 20, 2014 pursuant to the Franklin County Sheriff's Department execution of a writ of restitution.  The record was transmitted to this court on March 13, 2014; therefore, subsequent filings are not part of the record before this court.  Nevertheless, considering appellant's admission at oral argument that he has vacated the premises, we take judicial notice of the common pleas clerk of court's record of documents filed after March 13, 2014 and note that said record reveals that the eviction was completed on March 20, 2014.  Appellant appeals the judgment of the trial court and asserts the following six assignments of error:

> [1.] THE COURT OF ADMINISTRATIVE JUDGE CHARLES SCHNEIDER, ERRED IN HIS FAILURE AND REFUSAL TO PROVIDE A HEARING DATE ON THE DISPOSITIVE MOTION TO DISMISSS FOR FAILURE TO STATE A CLAIM AND THE LACK OF THE COURT'S JURISDICTION.  THIS VIOLATED APPELLANT'S [AND OTHERS] RIGHTS SECURED BY ARTICLE I, SECTION 16, OHIO CONSTITUTION AND THE 14TH AMENDMENT TO THE UNITED STATE'S CONSTITUTION.
>
> [2.] THE COURT OF ADMINISTRATIVE JUDGE CHARLES SCHNEIDER ERRED IN ITS FAILURE TO TIMELY RULE AND HIS DENIAL OF A MOTION TO STRIKE THE PLEADINGS OF ATTORNEY SARAH GRAHAM,

CLEVELAND, AS THE ATTORNEY OF RECORD ERIC WILLISON HAD NOT WITHDRAWN IN ACCORDANCE WITH FRANKLIN COUNTY RULE 1801 [B] DEPRIVING APPELLANT OF HIS 1ST AND 14TH AMENDMENTS TO THE US CONSTITUTION; ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION, AND THE PREAMBLE TO THE LOCAL FRANKLIN COUNTY COURT RULES.

[3.] THE COURT OF JUDGE SCHNEIDER ERRED IN REFERING THIS INSTANT CASE WHICH DEMANDED TRIAL BY JURY ON BOTH THE FED AND ITS "MOTION TO DISMISS – LACK OF JURISDICTION"; SPECIFIC ANSWER DENING AND INITIAL COUNTER CLAIM FOR COMPENSATORY AND PUNITIVE DAMAGES; TO ANYONE OTHER THAN LAWFULLY **APPOINTED** MAGISTRATE PURSUANT TO ORCP53 [A AND C] DEPRIVING PLAINTIFF OF HIS 1ST AND 14TH AMENDMENTS TO THE US CONSTITUTION, ARTICLE 1 SECT 16 TO THE OHIO CONSTITUTION.

[4.] THE COURT OF JUDGE SCHNEIDER AND HIS UNLAWFULLY ASSIGNED MAGISTRATES ERR IN HOLDING AND PROCEEDING WITH LESS THAN 10 DAYS NOTICE TO DEFENDANT APPELLANT BECAUSE OF PROVISIONS OF A SPEEDY HEARING/TRIAL IN ORC 2945.71 SPECIFICALLY WAVES ANY SPEEDY TRIAL PROVISIONS IF ANY MOTIONS OR REQUEST OR CONTINUANCE IS FILED WHICH HAS DEPRIVED APPELLANT OF HIS 1ST AND 14TH AMENDMENTS TO THE US CONSTITUTION, AND TO HIS RIGHTS TO A TRIAL BY JURY AS REQUIRED BY THIS HONORABLE COURT IN A UNANIMOUS DECISAION IN <u>NCR V TIMSON</u>, 38 OHIO APP. 3RD 798 [1992] THE RIGHT TO A TRIAL BY JURY WAS AGAIN CONFIRMED BY THE VERY SUMMONS IN THIS INSTANT CASE.

[5.] THE COURTS OF ADMINISTRATIVE JUDGE CHARLES SCHNEIDER ERRED IN FAILING TO APPOINT MAGI-STRATES PURSUSANT TO 53 1 FC LOCAL RULES AND THE REFERALLS TO VARIOUS **NON-APPOINTED** MAGISTRATES ERRED IN THEIR UNSCHEDULED AND NON-PUBLISHED TRIAL DATES OF DECEMBER 10TH, 2013 JANUARY 23RD, 2014; FEBRUARY 6TH, 2014, FEB 10TH, 2014, FEB 20TH, 2014 DEPRIVING DEFENDANT OF PUBLISHED TRIAL SCHEDULES, TIMELY WRITTEN NOTICES, OR A VOICE COMMUNICATION TO THE

BLIND, TRIAL BY JURY OR RULING UPON HIS MOTION TO DISMISS. IN VIOLATION OF RIGHTS SECURED BY THE 1ST AND 14TH AMENDMENTS TO THE US CONSTITUION, ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION, OHIO RULES OF CIVIL PRCEDURE LAWS CITED SUPRA.

[6.] THE COURT ERRED IN ITS WRIT OF EXECUTION RECOMMENDED BY **NON APPOINTED** MAGISTRATE PETTUCCI OF FEB 20, 2014 BY JUDGE SCHNEIDER ON FEB 25, 2014 BEING LESS THAN 5 DAYS FOR DEFEND-ANT TO OBJECT TO THE NON-NON PUBLISHED HEARING OF FEB 20, 2014 THAT FAILED TO RULE ON HIS MOTION TO DISMISS AND OR MOTION TO STRIKE AND DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHTS TO TIMELY NOTICE AND A TRIAL BY JURY. SEE **<u>NCR VS TIMSON</u>**, 38 OHIO APP. 3RD, P798 APPLIED.

(Emphasis sic; sic passem.)

{¶ 6} In the present case, we find appellant's assignments of error to be moot because appellant has vacated the premises. As this court stated in *C & W Invest. Co. v. Midwest Vending, Inc.*, 10th Dist. No. 03AP-40, 2003-Ohio-4688:

> A FED action decides only the right to immediate possession and nothing else * * * If immediate possession is no longer an issue due to vacation, and the landlord has restored the property, then continuation of the FED action or an appeal of such is unnecessary, as there is no further relief that may be granted.

*Id.* at ¶ 9, citing *Seventh Urban, Inc. v. Univ. Circle*, 67 Ohio St.2d 19, 25, fn. 11 (1981), and *Long v. MacDonald*, 3d District No. 3-02-10, 2002-Ohio-4693 (holding that the tenant's appeal is moot regardless of whether the tenant's vacation is voluntary or not).

{¶ 7} Because the assignments of error are moot, we decline to address the merits.

{¶ 8} Accordingly, appellant's six assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____