[Cite as *Kimberly Office Park, L.L.C. v. Williams*, 2015-Ohio-5002.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kimberly Office Park, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-579 |
| v. | : | (M.C. No. 2015 CVG 015096) |
| Helen Williams, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 3, 2015

*Breen Law Offices,* and *John E. Breen,* for appellee.

*Helen Williams,* pro se.

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1} Defendant-Appellant, Helen Williams ("Williams"), appeals from an agreed judgment entry of the Franklin County Municipal Court granting forcible entry and detainer ("FED") in favor of plaintiff-appellee, Kimberly Office Park, LLC ("KOP"). KOP has filed a motion to dismiss on the grounds of mootness. For the following reasons, we grant KOP's motion to dismiss.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 8, 2015, KOP filed a complaint for a writ of FED against Williams. Williams did not file a counterclaim. A hearing was held on May 29, 2015, at which time Williams was represented by pro bono counsel. On that date a settlement agreement, later memorialized in an agreed judgment order, was reached which required Williams to pay $400 prior to the next hearing date of June 3, 2015. On June 3, 2015, the parties appeared, however, Williams failed to make the payment pursuant to the settlement

agreement. The magistrate recommended, and the trial court approved, the agreed judgment order on June 4, 2015.

{¶ 3} Also on June 4, 2015, Williams filed an objection, pro se, to the magistrate's report, arguing that she failed to receive the required three-day notices. The court denied Williams' objections the same day. On June 12, 2015, Williams filed a notice of appeal from the trial court's decisions of June 3 and 4, 2015. On June 16, 2015, the trial court granted KOP "judgment for restitution of the premises" and the apartment was "red tagged" on or about the same day.

{¶ 4} At oral argument, Williams informed the court that she has vacated the premises. Consistent with this, KOP asserts in its brief and motion to dismiss that Williams vacated the premises shortly after the apartment was "red tagged." On November 3, 2015, KOP filed a motion to dismiss this appeal on the grounds of mootness. Williams did not file a response to KOP's motion to dismiss.

{¶ 5} On appeal, Williams asserts five assignments of error. The first two assignments of error allege that the trial court erred in adopting the magistrate's agreed judgment order because it was not consensual. The last three assignments of error raise new legal arguments that were not argued below. In light of our holding, Williams' assignments of error are moot. Therefore, we will not address the merits of the assignments of error.

## II. DISCUSSION

{¶ 6} This court recently, in *Hussain v. Sheppard*, 10th Dist. No. 14AP-686, 2015-Ohio-657, ¶ 6-7, summarized the longstanding law on this subject as follows:

> Forcible entry and detainer actions decide only the right to immediate possession and nothing else. *Franklinton Senior, L.L.C. v. Timson*, 10th Dist. No. 14AP-171, 2014-Ohio-3255, ¶ 6, citing *C & W Invest. Co. v. Midwest Vending, Inc.*, 10th Dist. No. 03AP-40, 2003-Ohio-4688, ¶ 9, citing *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11, and *Long v. MacDonald,* 3d Dist. No. 3-02-10, 2002-Ohio-4693. If immediate possession is no longer an issue because the tenant vacated the premises and the property has been restored to the landlord, then continuation of the forcible entry and detainer action is unnecessary, as there is no further relief that may be granted. *Id.* This is true regardless of whether the tenant's vacation of the premises is voluntary or not. *Id.*

> The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is by obtaining a stay of execution and posting a supersedeas bond. R.C. 1923.14; *Cherry v. Morgan*, 2d Dist. No. 2012 CA 11, 2012-Ohio-3594, ¶ 5. If the defendant fails to avail himself of this remedy, all issues relating to forcible entry and detainer are rendered moot by his eviction from the premises. *Id.*

In the present case, Williams failed to obtain a stay of execution and vacated the premises pursuant to a writ of restitution; accordingly, Williams' appeal of the trial court's judgment granting restitution of the premises to appellee is moot. *See, e.g., Hussain* at ¶ 8; *Franklinton Senior, L.L.C. v. Timson*, 10th Dist. No. 14AP-171, 2014-Ohio-3255, ¶ 6; *Sokol v. Redeemed Christian Church of God*, 10th Dist. No. 06AP-296, 2006-Ohio-5873, ¶ 6-7.

{¶ 7} Because the appeal is moot, we do not reach the merits of Williams' assignments of error. *See Millennia Hous. Mgt., Ltd. v. Withrow,* 4th Dist. No. 12CA2, 2013-Ohio-278, ¶ 5 ("the Supreme Court of Ohio has advised us that it is reversible error for an appellate court to consider the merits of an appeal that has become moot.").

## III. DISPOSITION AND MOTION TO DISMISS

{¶ 8} We hereby grant KOP's motion to dismiss, which renders Williams' assignments of error as moot.

*Motion to dismiss granted.*

BROWN, P.J. and SADLER, J., concur.

————————————————