[Cite as *Miller v. Johnson*, 2021-Ohio-441.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RENEA MILLER,                            :

    Plaintiff-Appellee,          :

                        No. 109453

    v.                                   :

LISA JOHNSON, ET AL.,                    :

    Defendants-Appellants.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 18, 2021

---

Civil Appeal from the Euclid Municipal Court
Case No. 19-CVG-03513

---

### *Appearances:*

CarterLaw, L.L.C., and Jason L. Carter, *for appellee.*

Stephen E. Johnson, *pro se.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Stephen Johnson appeals the judgment granted in favor of Renea Miller on a cause of action for forcible entry and detainer. Miller is the owner of the

duplex building in which Johnson resided.  For the following reasons, we dismiss this appeal for the want of jurisdiction.

{¶ 2}  Johnson's sister Lisa rented a unit within Miller's duplex building, signing a lease agreement to that effect.  Johnson came to live with his sister but was not added to the lease.  Johnson's sister vacated the premises in August 2019 at the expiration of the lease term.  Johnson refused to leave and failed to pay any rent between August 2019 and his eviction in January 2020 or place any disputed rent payments into escrow until the parties could resolve their dispute.  Miller filed the forcible entry and detainer action in municipal court to regain possession of her property.

{¶ 3}  Johnson answered and filed a counterclaim seeking $300,000 in damages and claiming that he has an ownership interest in the property based on his sister's rent payments.  Johnson argues the duplex was not registered as a rental unit with the city, and therefore, all his sister's rent payments must be deemed as equity payments under a lease-to-own type of arrangement.  The counterclaim has not been fully resolved, nor has the trial court certified the action to the common pleas court under R.C. 1901.22(E) (setting forth the monetary jurisdictional limit of the municipal court) and Civ.R. 13(J) (providing the procedures to certify actions to the common pleas court from a municipal court).  After the trial court entered a judgment in Miller's favor upon the forcible entry and detainer action but before the notice of appeal was perfected on January 27, 2020, the magistrate resolved the counterclaim.  The trial court had no opportunity to address the magistrate's

January 9 decision before the appeal was perfected in light of the fact that Johnson filed his objections on the same day as the notice of appeal. Our record is devoid of any indication that the trial court resolved Johnson's objections during the pendency of this appeal.

{¶ 4} After the trial court entered judgment upon the forcible entry and detainer claim, Johnson filed a motion to stay execution of the ensuing writ of restitution. The trial court denied Johnson's motion after concluding that Johnson had failed to properly invoke R.C. 1923.14 — that order was included in the notice of appeal. According to the municipal court docket, Johnson vacated the premises in January 2020 under execution of the writ with Miller regaining possession.[1]

{¶ 5} In this appeal, Johnson in part claims that the trial court lacked jurisdiction to consider the forcible entry and detainer claim in light of his counterclaim that allegedly exceeded the monetary jurisdiction of the municipal court. Although it has been concluded that under R.C. 1901.22(E) and Civ.R. 13(J) a municipal court may not bifurcate counterclaims exceeding the monetary jurisdiction of the court by certifying the counterclaim to the common pleas court at the same time as retaining the forcible entry and detainer portion, *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 8th Dist. Cuyahoga No. 107699, 2019-Ohio-109, ¶ 12, citing *State ex rel. El Turk v. Comstock*, 8th Dist. Cuyahoga Nos. 106444 and

---

[1] The docket entry dated January 17, 2020, provides: "Writ of restitution returned. Defendant forcibly evicted from premises. Plaintiff given full & peaceable possession of premises." Further, on January 23, 2020, Johnson filed a notice of change of address with the trial court.

106446, 2018-Ohio-2125, we cannot address the merits of such an argument in light of the procedural history of this case.[2]

{¶ 6} There are two jurisdictional issues precluding our review of the merits of this action. Johnson's appeal of the judgment on the forcible entry and detainer claim has been rendered moot by his relinquishing possession of the property to Miller. *In re Chambers*, 2019-Ohio-3596, 142 N.E.3d 1243, ¶ 9 (1st Dist.) (mootness doctrine impacts the appellate court's jurisdiction); *Solon v. Solon*, 5th Dist. Stark No. 2017CA00210, 2018-Ohio-3147, ¶ 20, citing *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶ 18; *Doran v. Heartland Bank*, 2018-Ohio-1811, 112 N.E.3d 355, ¶ 25 (10th Dist.). And further, in light of the fact that the trial court has not resolved the counterclaim, there is no final appealable order.

{¶ 7} Forcible entry and detainer seek the right to immediate possession of the property "and nothing else." *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981). The claim is intended to serve as an expedited mechanism by which an aggrieved property owner may restore possession of rented property, in which the current renter lacks any ownership interest. *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 2000-Ohio-193, 739 N.E.2d

---

[2] Inasmuch as Miller relies on *Pemberton v. Woodford*, 12th Dist. Brown No. CA2012-01-001, 2013-Ohio-214, ¶ 27, for the proposition that a trial court may sever the monetary damage claims from the forcible entry and detainer action, we simply note that the law in this district provides for the contrary. Regardless, we cannot reach the merits of Johnson's arguments in light of the jurisdictional impediment, so any discussion of *Pemberton* must be left for another day.

333.  Importantly, if "a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted." *Front St. Bldg. Co., L.L.C. v. Davis*, 2d Dist. Montgomery No. 27042, 2016-Ohio-7412, ¶ 18, quoting *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11 and 2012 CA 21, 2012-Ohio-3594, ¶ 4-5.  When "immediate possession is no longer at issue * * * and possession is restored to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such an action is unnecessary, as there is no further relief that may be granted." *Rithy Properties v. Cheeseman*, 2016-Ohio-1602, 63 N.E.3d 752, ¶ 15 (10th Dist.), citing *Kimberly Office Park, L.L.C. v. Williams*, 10th Dist. Franklin No. 15AP-579, 2015-Ohio-5002, ¶ 6; *Hussain v. Sheppard*, 10th Dist. Franklin No. 14AP-686, 2015-Ohio-657, ¶ 6-8; *Franklinton Senior, L.L.C. v. Timson*, 10th Dist. Franklin No. 14AP-171, 2014-Ohio-3255, ¶ 6; and C *& W Invest. Co. v. Midwest Vending, Inc.*, 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688, ¶ 9.  "The *only* method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C. 1923.14." *Front St. Bldg. Co.* at ¶ 18, quoting *Cherry* and *Long v. MacDonald*, 3d Dist. Crawford No. 3-02-10, 2002-Ohio-4693.

**{¶ 8}**  In this case, Johnson did not properly invoke R.C. 1923.14(A) in seeking to stay the writ of restitution that restored Miller's possession of the property, nor does he claim otherwise in this appeal.  The trial court overruled his motion for a stay of the writ of restitution, and that order was attached to Johnson's

notice of appeal. Johnson's current appeal, seeking to overturn the trial court's decision granting Miller relief upon the forcible entry and detainer claim, is based on his argument that the trial court lacked jurisdiction to consider the matter following the assertion of his counterclaim seeking $300,000 as damages. However, there is no longer a current legal dispute with respect to possession of the property even if we assumed for the sake of this discussion that error occurred.

{¶ 9} More important to our jurisdictional inquiry, the municipal court has yet to rule on the counterclaim or whether to certify that claim to the court of common pleas. *Rithy Properties* at ¶ 17-18 (10th Dist.); *State ex rel. Tri Eagle Fuels*, 8th Dist. Cuyahoga No. 107699, 2019-Ohio-109, at ¶ 14. Because the trial court has not fully resolved the counterclaim based on the appellate record, we lack jurisdiction over this appeal. "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10, citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 9; and *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). In this case, there is no order resolving all claims between the parties, much less one that can be deemed final and appealable.

{¶ 10} Even if we presume the trial court erred in not certifying the matter based on the counterclaim and erroneously entered judgment on the forcible entry and detainer, our jurisdiction to render relief must be properly invoked. Because any issues with respect to the forcible entry and detainer claim have been rendered

moot by Miller's possession of the property being restored and because nothing in the record before us indicates that the trial court has resolved the counterclaim in any manner, we lack jurisdiction to consider the merits of this appeal. Our authority to act is inherently intertwined with our jurisdictional limitations. *State ex rel. McGinty v. Eighth Dist. Court of Appeals,* 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 13.

{¶ 11} The appeal is dismissed and the matter remanded for further proceedings.

It is ordered that appellee recover of appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MICHELLE J. SHEEHAN, J., CONCUR