DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Norwalk Municipal Court. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The facts giving rise to this appeal are as follows. On September 25, 2000, appellees, Donald and Barbara Nofzinger, filed a forcible entry and detainer ("FED") action in Norwalk Municipal Court against appellants, Susan Blood and Robert Poturica, Jr. (Case No. CVH-00-0821). Attached to the complaint was a copy of a document entitled "AGREEMENT FOR LAND CONTRACT PURCHASE" entered into by appellees and appellants on April 1, 1997. Appellees sought possession of land and farm buildings that were the subject of that agreement as well as damages. On October 20, 2000, appellees filed an answer to the counterclaim. On October 27, 2000, a judgment entry was filed in Norwalk Municipal Court, indicating that the parties had agreed to transfer the case to the Huron County Court of Common Pleas.
 {¶ 3} Following trial, on February 27, 2002, the trial court filed its findings of fact, conclusions of law, and judgment entry. The trial court concluded that the land contract purchase agreement and agreement for land contract purchase were not land installment contracts ("the contracts"); that the parties made a mutual mistake of law and fact in believing that they had entered into a land installment contract; that there was no meeting of the minds as to the boundaries of the ten acres; and that appellants had no right to rely on appellees for legal advice upon which the doctrine of estoppel could be based. The trial court determined that a fair rental for the ten acres and the barn would be $350 per month; that appellees were not entitled to possession under an FED action because they had accepted payments after the notice to vacate had been given; that appellants were not in default on their rental payments; and a month to month tenancy remained in effect until such time as either party properly terminated the tenancy.
 {¶ 4} The trial court dismissed the FED action with prejudice, granted judgment against appellees in the amount of $25,623.39, representing an amount paid to appellees in excess of the fair rental value, and declared that the land contract purchase agreement and agreement for land contract purchase were not land installment contracts. Appellants filed a timely notice of appeal. On July 2, 2003, this court affirmed the judgment of the trial court. Nofzinger v. Blood, 6th Dist. No. H-02-014, 2003-Ohio-1406.
 {¶ 5} On May 9, 2003, appellees filed another FED action against appellants seeking restitution of the premises, damages, and equitable relief (Case No. 03-CVG-621). On June 5, 2003, the trial court issued a judgment entry stating as follows:
 {¶ 6} "[T]he court finds that the defendants were month to month tenants of plaintiffs, that they were properly served with a thirty day notice to vacate the premises as well as a three day notice to leave premises. The court finds that [plaintiffs are] entitled to the writ of restitution, it is therefore ordered adjudged and decreed the writ of restitution is granted. The court further finds that the portion of defendants' counterclaim which is properly before this court does not exceed the jurisdictional limit of this court. This matter is therefore continued to a second hearing on plaintiffs' claim and defendants' counterclaim on July 11, 2003 at 1:00 p.m."
 {¶ 7} Appellants have filed a timely notice of appeal of the trial court's judgment of June 5, 2003, setting forth the following assignments of error:
 {¶ 8} "I. It is an error for a municipal court to decide only the forcible entry and detention portion of a case where numerous other substantial issues remain unresolved.
 {¶ 9} "II. Where remedy at law has been inadequate it is an error for the court to withold equitable relief.
 {¶ 10} "III. The municipal court erred in validating plaintiff's unconventional and inconsistent 30 and 3 day notices in light of fraudulent effect of previous split party filings."
 {¶ 11} Appellants' first two assignments of error address the issue of their counterclaim. The trial court did not address the merits of appellants' counterclaim in the judgment entry from which appellants have filed their notice of appeal. Only the first cause, the FED action, has been appealed. It is well settled that the first cause of a forcible entry and detainer action is a final appealable order and the damages portion of the case need not be decided before the appeal of the eviction.Skillman et al., v. Browne et al. (1990), 68 Ohio app.3d 615. Therefore, any arguments pertaining to appellants' counterclaim arnot properly before this court. Appellants' first two assignments of error are found not well-taken.
 {¶ 12} In their third assignment of error, appellants contend that appellees erred in not naming the true owner of the property, "the Nofzinger Family Trust," as a party to the FED action filed against appellants in Case No. CVH-00-0821. Appellants contend that the 30 day notice from that case, and the 3 day notice from this case are not consistent. As the CVH-00-0821 case is not currently before this court on appeal, the court need not address that argument. The court is not aware of an objection made by appellants to the named parties in the trial court, thereby waiving said argument. Further, appellant Susan Blood conceded during oral argument that she has no intention or desire to move back to the subject premises in the event that this court would have reversed the trial court, thus making this entire exercise moot. Accordingly, appellants' third assignment of error is found not well-taken.
 {¶ 13} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Norwalk Municipal Court is affirmed. Costs assessed to appellants.
Judgment Affirmed.
Handwork, P.J., Pietrykowski, J., Singer, J. Concur.