[Cite as *Bryan v. Johnston*, 2012-Ohio-2703.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| EARL BRYAN, ET AL., | ) | |
| | ) | |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 CA 871 |
| | ) | |
| EUGENE JOHNSTON, ET AL., | ) | OPINION |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Municipal Court of
Carroll County, Ohio
Case No. CVG1100098

JUDGMENT:                                      Affirmed

APPEARANCES:
For Plaintiffs-Appellees                  Attorney Kelley Bryan
Childers and Smith
70 Public Square
P.O. Box 252
Carrollton, Ohio 44615

For Defendants-Appellants              Eugene Johnston, Pro-se
Angela Arkenburgh, Pro-se
369 South Lisbon Street
Carrollton, Ohio 44615

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 12, 2012

DONOFRIO, J.

{¶1} Defendants-appellants, Eugene Johnston and Angela Arkenbaugh, appeal from a Carroll County Municipal Court judgment evicting them from the duplex they had been renting from plaintiffs-appellees, Earl and Tonya Bryan.

{¶2} On March 14, 2011, appellees filed a forcible entry and detainer action against appellants. Appellees alleged that appellants failed to pay the monthly rent owed to appellees in the amount of $550 and sought to evict appellants.

{¶3} The parties entered into a settlement agreement on March 30, 2011, whereby appellants agreed to be evicted on April 13, 2011 at 11:30 a.m. The court continued the case until April 20 to determine damages.

{¶4} Appellants filed a timely notice of appeal on April 4, 2011.

{¶5} Initially, we should note that "the first cause of a forcible entry and detainer action is a final appealable order and the damages portion of the case need not be decided before the appeal of the eviction." *Nofzinger v. Blood*, 6th Dist. No. H-03-021, 2004-Ohio-2461, ¶11, citing *Skillman et al., v. Browne et al.*, 68 Ohio App.3d 615, 589 N.E.2d 407 (6th Dist. 1990); *Northeast Ohio Regional Sewer Dist. v. Foster & Kleiser, Div. of Metromedia*, 8th Dist. No.52717, 1987 WL 17623 *1 (Sept. 24, 1987). Thus, the fact that the trial court did not yet rule on the damages cause of action in this case does not render the eviction judgment a non-final order.

{¶6} Appellants are proceeding with this appeal pro se. Their assignment of error is not actually an assignment of error, but is more a statement of what they allege occurred:

> We appeared in Carroll County Municipal Court on March 30, 2011 for a hearing on case no. CVG1100098. Earl Bryan et al. and Eugene Johnston et al. were led to a room with Mike Durkin, Mediator for Judge Willen, to discuss the case. Eugene Johnston et al. showed a copy of the cashed rent check for the dates of Feb. 1 to March 1 to Mike Durkin. Mike Durkin advised us to hold onto our documents and evidence until the next hearing, which was scheduled April 13, 2011.

**{¶7}** Appellants' brief fails to include an argument with citations to case law, statutes, or other authority to support their position in violation of App.R. 16(A)(2)(7). The brief also has numerous attachments that do not appear anywhere in the record. In a July 13, 2011 judgment entry, we informed appellants that these attachments are not evidence and we would only consider evidence that was presented in the trial court. Additionally, in their statement of facts, appellants set forth numerous facts that find no support in the record concerning a bad furnace, mold, and sewage.

**{¶8}** A pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants. *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist. 1996). Despite appellants' lack of compliance with the Appellate Rules, in the interest of justice, we will consider their argument.

**{¶9}** Appellants' argument is that their rent was paid current. They state that they paid the February 1 to March 1, 2011 rent and appellees cashed the check. This was the rent that the complaint alleged appellants did not pay. Appellants request that we reverse the trial court's judgment so that the eviction is not in their names.

**{¶10}** Because the judgment entry was entered after mediation and there was no trial, there is very little factual information before us. All that can be gleaned from the record is that appellees filed a complaint alleging appellants failed to pay rent on the duplex unit they were renting from appellees. There are also copies of two checks made out from "Eugene Johnston" to "Earl Bryan" in the amount of $450 each and dated January 31 and February 28, 2011. There is no record of any testimony by any of the parties and there are no factual findings by the trial court.

**{¶11}** The agreed judgment entry simply states that eviction is to take place on Wednesday April 13, 2011, at 11:30 a.m. and that the second cause of action (damages) is continued until Wednesday April 20, 2011. All parties and the court signed the agreed judgment entry.

**{¶12}** Settlement agreements are highly favored as a means of resolving

disputes. *State ex rel. Wright v. Weyandt*, 50 Ohio St.2d 194, 197, 363 N.E.2d 1387 (1977). When parties have agreed to settlement terms, the trial court may sign a journal entry reflecting the terms and may enforce the agreement. *Hughes v. Yanikov*, 8th Dist. No. 07CA009235, 2008-Ohio-2904, ¶9, citing *Brilla v. Mulhearn*, 168 Ohio App.3d 223, 859 N.E.2d 578, 2006-Ohio-3816, ¶20 (9th Dist.). In an agreed judgment,

> litigants voluntarily terminate a lawsuit by assenting to specified terms, which the court agrees to enforce as its judgment by signing and journalizing an entry reflecting the terms of the settlement agreement. *Grace v. Howell*, 2d Dist. No. 20283, 2004-Ohio-4120, ¶9.

{¶13} A court is not bound to conduct an evidentiary hearing prior to signing a settlement agreement. *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 470 N.E.2d 902 (1984), at the syllabus. The court may set aside a settlement agreement only on the basis of fraud, duress, undue influence, or a factual dispute concerning the existence of the terms of the agreement. *Id.*

{¶14} Appellants have not asserted any of these reasons for setting aside the settlement agreement. Nor did they file a motion to set aside the settlement agreement in the trial court.

{¶15} The parties entered into an agreed judgment entry after engaging in mediation. None of the reasons for setting aside a settlement agreement are present. There are very limited facts of record for us to consider. And appellants have not advanced any real argument for setting aside the agreement that they presumably negotiated for in mediation. On our limited record, appellants' assignment of error is without merit.

{¶16} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.