[Cite as *Amujiogu v. Oko*, 2022-Ohio-1323.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

NNAETO AMUJIOGU,                    :

    Plaintiff-Appellee,          :

                           No. 110922

    v.                           :

MICHAEL OKO,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** April 21, 2022

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 21 CVG 008945

---

*Appearances:*

Michael Oko, *pro se.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant Michael Oko ("appellant") appeals from the trial court's October 12, 2021 judgment denying his motion for stay filed in this forcible entry and detainer action. This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 25. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *State v. Trone,*

8th Dist. Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1. After a thorough review of the law and facts, we dismiss this appeal.

{¶ 2} Plaintiff-appellee Nnaeto Amujiogu ("appellee") initiated this eviction action against appellant in September 2021. The complaint contained one cause of action in which appellee alleged that appellant's tenancy at the subject premises expired on August 31, 2021, and that appellee served appellant with a "three-day notice" on August 24, 2021, as required by law. The complaint did not seek money damages.

{¶ 3} In an October 7, 2021 decision, the Cleveland Municipal Court granted judgment in favor of appellee and stated that appellee could schedule a court-supervised date for appellant to move out. The following day, October 8, 2021, appellant filed a motion to stay and a motion for relief from judgment. The trial court denied both motions. Appellant now appeals. In his brief, appellant states that he "sought an alternative living place and was not at the [subject] address from August 18, 2021 through the present." Appellee has not filed a brief. We requested that appellant show cause why the appeal should not be dismissed as moot.

{¶ 4} Courts will not decide moot cases. *In re A.G.*, 139 Ohio St. 3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). A case is moot if it "'seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter

which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'" *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 4, quoting *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, ¶ 11 (10th Dist.). In other words, a case is moot when it involves no actual, genuine controversy, the decision of which can definitely affect existing legal relations. *Hunter* at *id.*; *In re L.W.* at *id.* When a case becomes moot, dismissal of the case is appropriate because the case no longer presents a justiciable controversy. *Lund v. Portsmouth Local Air Agency*, 10th Dist. Franklin No. 14AP-60, 2014-Ohio-2741, ¶ 6.

{¶ 5} "Under Ohio law, a forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.'" *Sheehe v. Demsey*, 8th Dist. Cuyahoga No. 99965, 2014-Ohio-305, ¶ 7, quoting *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11. Once possession of the property has been restored to the landowner in a forcible entry and detainer action, the action becomes moot because "no further relief can be granted to the landowner." *Knop v. Davet*, 11th Dist. Geauga No. 2016-G-0074, 2017-Ohio-1416, ¶ 11. If immediate possession is no longer at issue because the defendant vacates the premises and possession is restored to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such action is unnecessary, because there is no further relief that may be granted. *Kimberly Office Park, LLC v. Williams*, 10th Dist. Franklin No. 15-AP-579, 2015-Ohio-5002, ¶ 6.

{¶ 6} Appellant argues in his show cause brief that "[t]here is still a current legal dispute with respect to the legal possession of the property where appellant's personal property remains withheld by appellee in violation of appellant's beneficial use of his property." He further contends that this appeal involves "unresolved debatable constitutional issues" that should be reviewed even if the appeal is moot.

{¶ 7} Exceptions do exist to the mootness doctrine, such as when issues are "capable of repetition, yet evading review." *State ex rel. Beacon Journal Publishing Co. v. Donaldson*, 63 Ohio St.3d 173, 175, 586 N.E.2d 101 (1992). "[T]his exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000); *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 13. The Supreme Court of Ohio has recognized two other exceptions to the mootness doctrine: (1) when the issue involves "a matter of great public interest," or (2) when "there remains a debatable constitutional question to resolve." *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus.

{¶ 8} Appellant's claim that his personal property remains in the residence does not fall under any of the mootness exceptions. In regard to the duration of the action, the procedures for forcible entry and detainer actions detailed in

R.C. Chapter 1923 ensure that such actions move quickly. *Rithy Properties v. Cheesman*, 2016-Ohio-1602, 63 N.E.3d 752, ¶ 15 (10th Dist.). Further, there is nothing in the record to indicate that appellant will be subject to this action again. The record also does not support a finding that this is a matter of great public interest or that a debatable constitutional question to resolve remains. Thus, none of the exceptions to mootness apply in this case.

{¶ 9} In addition to the exceptions to mootness, "[a] defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond." *Goldstein v. Patel*, 9th Dist. Lorain Nos. 02CA008183 and 02CA008199, 2003-Ohio-4386, ¶ 4. If a landowner is successful in a forcible entry and detainer action, however, and the "defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot." *Id.*

{¶ 10} Appellant sought a stay of the judgment in the trial court. In his motion, appellant requested the stay "pending the final ruling on [his] Motion for Relief from Judgment." On October 12, 2021, the trial court denied the motion, stating that appellant failed to demonstrate "compelling, unusual or emergency circumstances" that would justify a delay of the move-out date. The court further noted that the parties "appear to have an extremely contentious relationship," and that Cuyahoga County Common Pleas Court issued a civil protection order against appellant. The municipal court stated that because the "relationship between the parties is volatile and unpredictable, the court-supervised move-out should proceed

as scheduled." On October 18, 2021, the municipal court denied appellant's motion for relief from judgment. Appellant sought a stay in this court, and his motion was denied.

{¶ 11} Appellant was not successful in staying the action, immediate possession is no longer an issue, and none of the mootness exceptions apply. This appeal therefore is moot.

{¶ 12} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR