[Cite as *Picnic Place Dev., L.L.C. v. Preston*, 2024-Ohio-6024.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PICNIC PLACE DEVELOPMENT LLC,    :

      Plaintiff-Appellee,    :

                         No. 113754

      v.    :

JAZMANE M. PRESTON AND
OCCUPANTS,    :

      Defendants-Appellants.    :

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** December 26, 2024

_____

Civil Appeal from the Parma Municipal Court
Case No. 24CVG00307

_____

### *Appearances:*

Lee T. Skidmore, *for appellee.*

Jazmane M. Preston, *pro se.*


SEAN C. GALLAGHER, J.:

{¶ 1} Jazmane M. Preston appeals the municipal court's decision granting the forcible entry and detainer in favor of Picnic Place Development, LLC ("Picnic Place") and restoring its possession and control of an apartment unit leased to Preston. Following the municipal court's final decision, Preston ceded possession

and control of the apartment to Picnic Place and, therefore, this appeal is dismissed as moot.

{¶ 2} In November 2023, the parties executed a lease agreement requiring Preston to remit monthly payments of $2,145.00 for the renting of apartment number 67850 in the building located at 6750 Maplewood Road, Parma Heights, Ohio. The agreement was entered between her and Picnic Place, which was doing business as The Villas at Maplewood also located at 6750 Maplewood Road. Shortly after taking possession of the apartment unit, Preston ceased making payments. On January 11, 2024, the apartment manager served a "notice to leave the premises" based on the nonpayment of rent, late fees, and other charges totaling $5,521.33. A complaint for forcible entry and detainer was filed 11 days later. After a hearing on the matter before the magistrate, a writ of restitution was issued on February 27, 2024, ordering Preston to surrender the unit by March 3. Although Preston filed objections to the magistrate's decision, the municipal court overruled them and issued the writ. No stay of execution was requested, and Preston voluntarily surrendered possession of the unit.

{¶ 3} Nonetheless, Preston appealed, advancing four assignments of error claiming that the municipal court erred (1) by allowing the three-day notice sent for a fictitious entity signed by another corporation to constitute compliance with the provisions set forth in the contract; (2) by assuming the appellant did not pay rent based on clarifying questions that were asked by Preston at the trial; (3) by overruling the objections and allowing witness testimony and not requiring the

landlord, its agent, or a real party in interest to appear at the hearing; and (4) by accepting the testimony of Picnic Place's attorney who claimed to have verified a title. Those arguments are moot because Preston vacated the apartment unit before the appeal was filed.

{¶ 4} "Under Ohio law, a forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.'" *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 2019-Ohio-2011, ¶ 10, quoting *Sheehe v. Demsey*, 2014-Ohio-305, ¶ 7 (8th Dist.), and *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, fn. 11 (1981). When possession of the property has been restored to the landlord following a successful forcible-entry-and-detainer action, an appeal becomes moot. *Id.*, citing *Knop v. Davet*, 2017-Ohio-1416, ¶ 11 (11th Dist.). No further relief can be afforded to the ousted tenant. *Id.*; *see also Amujiogu v. Oko*, 2022-Ohio-1323, ¶ 10 (8th Dist.); *Sheehe* at ¶ 6; *Cleveland Fin. Assocs., L.L.C. v. Cleveland Banquets, L.L.C.*, 2011-Ohio-931, ¶ 13 (8th Dist.).

{¶ 5} Generally, restitution of the premises can be avoided if the defendant perfects a stay of execution. In this case, Preston did not seek or obtain a stay of execution of the writ of restitution and has since vacated the apartment, restoring possession to Picnic Place. Preston does not dispute that she no longer is in possession and control of the apartment unit. In her reply brief, she maintains that her surrendering possession of the apartment unit was the product of an illegal act by the landlord because the writ of restitution was not mailed to her but was instead posted on the apartment by the bailiff. She nonetheless concedes that she vacated

the apartment in compliance with the writ of restitution. Without a stay of execution or her continued possession of the property, the appeal must be deemed moot. There is no relief that can be offered.

{¶ 6} Because possession of the leased premises has been restored to Picnic Place, Preston's appeal is moot. We need not address the merits of the assigned errors. Any conclusions reached would be advisory in nature. The appeal is dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR