[Cite as *Ori Group, L.L.C. v. Nicols*, 2025-Ohio-5222.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ORI GROUP LLC, :

    Plaintiff-Appellant, :

                                 No. 114641

    v. :

JAY NICOLS, :

    Defendant-Appellee. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 20, 2025

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2024-CVG-013349

---

### *Appearances:*

Lieberman, Dvorin & Dowd, LLC, David M. Dvorin, and
Richard A. Teel, *for appellant*.

Jay Nicols, *pro se*.

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Ori Group LLC ("Ori") appeals the judgment of the Cleveland Municipal Court, Housing Division, dismissing without prejudice Ori's first cause of action in a forcible-entry-and-detainer action governed by R.C. Ch.

1923 for failure to file documentary evidence of rental registration as required by Cleveland M.C., Hous.Div., Section 3(B)(4)(a), eff. Feb. 1, 2024 ("Section 3(B)(4)(a)"), cited by the trial court and appellant as HCLR 3.014, and formerly Cleveland M.C. Hous.Div. Loc.R. 3.014 ("Loc.R. 3.014").

{¶ 2} We find that Section 3(B)(4)(a) is invalid in a forcible-entry-and-detainer action and reverse the trial court's judgment and remand the case to the trial court to grant the forcible-entry-and-detainer claim within 30 days of this court's judgment.

## I.   Background and Pertinent Facts

{¶ 3} Ori owns the residential real property located at 17105 Lotus Drive in Cleveland, Ohio (the "Premises") occupied by appellee Jay Nicols ("Nicols") on a month-to-month tenancy basis.

{¶ 4} On June 10, 2024, Ori served a notice of termination of tenancy effective July 31, 2024, and on August 6, 2024, Nicols was served with a three-day notice to vacate the Premises for "Lease Termination/Tenant Holding Over." No rent was accepted by Ori after the three-day notice was served.

{¶ 5} On October 10, 2024, Ori filed a complaint for forcible entry and detainer to terminate the tenancy and receive restitution of the Premises.

{¶ 6} On October 31, 2024, the first cause of action hearing was held to determine the right to possession of the Premises. Ori appeared represented by counsel. Appellee failed to appear.

**{¶ 7}** At the conclusion of testimony by Ori's property managers in support of the first cause, a dialogue ensued between the magistrate and counsel regarding Ori's failure to provide evidence of a rental registration certificate or a receipt for the rental registration of the Premises under Section 3(B)(4)(a).

> COURT: . . . A rental registration certificate or receipt is not being provided?
>
> COUNSEL: Correct. It's Plaintiff's position that it's invalid and contradicts Chapter 1923 of the Revised Code [that governs forcible-entry-and-detainer actions].
>
> COURT: All right. Now, we'll just put on the record that our position is that City of Cleveland requires owners to register and pay registration fees for each of their properties. *And while we understand that part of the lead safe certification [sic], there is a requirement to certify occupancy, but that's not what we're asking for. We're just requesting proof that the registration fee was paid.* So with that being said, I'm going to take this case. Heard and submitted.

(Emphasis added.) Tr. 9.

**{¶ 8}** Sua sponte, on November 4, 2024, a magistrate's order was filed granting Ori "[l]eave to file [a] Rental Registration Certificate or proof of payment for such until 11/7/24. Case is taken Heard [and] Submitted."

**{¶ 9}** The November 12, 2024, magistrate's decision filed on November 15, 2024, provided:

> On October 31, 2024, a virtual hearing was held before [a magistrate], to whom it was assigned by [the trial court] pursuant to Ohio Rule of Civil Procedure 53, to take evidence on all issues of law and fact regarding Plaintiff's first cause hearing. Present for Plaintiff were [property managers], with [appellant's counsel]. Defendant failed to appear. *Testimony was taken and the only finding that was not in favor of Plaintiff was that Plaintiff has not provided documentary evidence of rental registration per [Section 3(B)(4)(a)].* As a result, the case was taken heard and submitted and Plaintiff was given

unsolicited leave until November 7, 2024 to file the Rental Registration Certificate of proof of payment for such.

Upon review of the docket, *Plaintiff has failed to file any supplemental documents since the October 31, 2024, hearing date.* Based upon the foregoing, the Magistrate recommends the following: 1st Cause dismissed by or by order of the Court, without prejudice.

(Emphasis added.)

{¶ 10} The same date, the trial court approved and confirmed the magistrate's decision. Ori "has failed to file documentary evidence of rental registration as required by [Section 3(B)(4)(a)]. The First Cause is dismissed by order of the Court without prejudice."

{¶ 11} Ori appeals. On June 11, 2025, this court granted Ori's unopposed motion for leave to file a supplemental brief advancing that the issue on appeal is not rendered moot in the event Nicols has vacated the Premises.

## II. Final Appealable Order

{¶ 12} "The jurisdiction of an appellate court to review a trial court's decision is limited to final appealable orders." *Hrina v. Martin, L.P.*, 2025-Ohio-549, ¶ 11 (8th Dist.), citing *Rae-Ann Suburban, Inc. v. Wolfe*, 2019-Ohio-1451, ¶ 9 (8th Dist.), citing Ohio Const., art. IV, § 3(B)(2); R.C. 2505.02 and 2505.03. "A reviewing court must examine, sua sponte, potential deficiencies in jurisdiction." *Id.*, citing *id.*

{¶ 13} Generally, "a dismissal without prejudice is not a final order capable of invoking appellate jurisdiction under R.C. 2505.02." *State ex rel. Rosolowski v. Scott*, 2024-Ohio-2074, ¶ 8 (8th Dist.), citing *Crown Servs. v. Miami Valley Paper Tube Co.*, 2020-Ohio-4409. This, however, is not always the case. The appellate

court determines whether an order is appealable under R.C. 2505.02. *Id.* at ¶ 10, citing *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-626, ¶ 16, quoting *In re S.J.*, 2005-Ohio-3215, ¶ 10 ("'[T]he determination as to the appropriateness of an appeal lies solely with the appellate court . . . .'").

{¶ 14} In *Shaker House LLC v. Daniel*, 2022-Ohio-2778 (8th Dist.), an appeal was taken from an order dismissing a forcible-entry-and-detainer action without prejudice after the plaintiff owner failed to provide a certification that the leased premises were lead free as required by local rule of court Mun. Ct. R. Prac. & P. 3.015. *Id.* at ¶ 11. Shaker House had complied with all requirements of R.C. Ch. 1923.

{¶ 15} On appeal, this court sua sponte ordered that the parties address whether the appeal should be dismissed for lack of a final, appealable order. *State ex rel. Rosolowski v. Scott*, 2024-Ohio-2074, ¶ 12 (8th Dist.), citing *Shaker House LLC*, motion No. 551864 (Jan. 13, 2022). The appellee did not respond.

{¶ 16} This court held:

Based on the appellant's show cause brief, the appeal shall proceed forward. *Although the appellant could refile the eviction action it would first have to obtain the lead-safe certificate that it claims is an invalid requirement. The appellant would have no recourse to determine whether Housing Court Local Rule 3.015, which imposes the certificate requirement, is enforceable when there is a statutory right to evict.* Additionally, the second cause of action for money damages has been dismissed and eviction orders have been found to be final orders even when the claim for money damages remains pending. *See Bryan v. Johnston*, 7th Dist. Carrol No. 11 CA871, 2012-Ohio-2703, ¶ 5.

(Emphasis added.) *Id.,* quoting *id.,* motion No. 552289 (Feb. 3, 2022).

{¶ 17} This court adopts the rationale espoused in *Shaker House LLC* and finds that the appeal presents a final appealable order and shall proceed as to Section 3(B)(4)(a) because the parties are similarly positioned. Though Ori could refile the eviction, Ori would have no recourse to have a court determine whether the local rule is enforceable when there is a statutory right to evict.

## III. Mootness

{¶ 18} This court granted Ori's motion for leave to supplement its appellate brief pursuant to App.R. 14(B) to address the issue of mootness. Ori contends that the issue on appeal is not rendered moot if Nicols vacates the Premises because exceptions apply.

{¶ 19} "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *In re A.G.*, 2014-Ohio-2597, ¶ 37. "Thus, when parties 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

{¶ 20} "Mootness is a question of justiciability, and '[j]urisdiction and justiciability are threshold considerations in every case, without exception.'" *Saqr v. Naji*, 2017-Ohio-8142, ¶ 20 (1st Dist.), quoting *Barrow v. New Miami*, 2016-Ohio-340, ¶ 12 (12th Dist.). "[A] court cannot entertain jurisdiction over a moot question. It is not the duty of the court to decide purely academic or abstract questions." *Cleveland v. K.O. Drugs Boxing Acad.*, 1998 Ohio App. LEXIS 5436, *5

(Nov. 19, 1998); *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist. 1991).

{¶ 21} "Once possession of the property has been restored to the landowner in a forcible entry and detainer action, the action becomes moot because 'no further relief can be granted to the landowner.'" *Amujiogu v. Oko*, 2022-Ohio-1323, ¶ 5 (8th Dist.), quoting *Knop v. Davet*, 2017-Ohio-1416, ¶ 11 (11th Dist.). If the defendant vacates the premises and possession is restored to the plaintiff, immediate possession is no longer an issue. For that reason, "continuation of the forcible entry and detainer action or an appeal of such action is unnecessary, because there is no further relief that may be granted." *Id.*, citing *Kimberly Office Park, LLC v. Williams*, 2015-Ohio-5002, ¶ 6 (10th Dist.).

{¶ 22} Nevertheless, there are exceptions to the mootness doctrine, "such as when issues are 'capable of repetition, yet evading review.'" *Id.* at ¶ 7, quoting *State ex rel. Beacon Journal Publishing Co. v. Donaldson*, 63 Ohio St.3d 173, 175 (1992). This exception applies only in exceptional circumstances where two factors are present: "(1) the duration of the challenged action is too short to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.*, quoting *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000); *State ex rel. White v. Kilbane Koch*, 2002-Ohio-4848, ¶ 13.

{¶ 23} "An appellant must establish more than a theoretical possibility that the same action will arise again." *Olentangy Commons Owner LLC v. Fawley*,

2023-Ohio-4039, ¶ 17 (10th Dist.), citing *Grandview Hts. v. B.S.H.*, 2023-Ohio-940, ¶ 14 (10th Dist.); *Croce v. Ohio State Univ.*, 2021-Ohio-2242, ¶ 23 (10th Dist.). There must be a "demonstrated probability" or "reasonable expectation" that the situation "will recur involving the same complaining party." *Id.*, citing *B.S.H.* at ¶ 14; *Croce* at ¶ 23.

{¶ 24} "The Supreme Court of Ohio has recognized two other exceptions to the mootness doctrine: (1) when the issue involves 'a matter of great public interest,' or (2) when 'there remains a debatable constitutional question to resolve.'" *Amujiogu* at ¶ 7, quoting *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28 (1987), paragraph one of the syllabus.

{¶ 25} Ori first offers that the instant case poses a situation that is capable of repetition but evades review. Ori contends that dismissal based on mootness would subject Ori and others to enforcement of Section 3(B)(4)(a) though it is contrary to law because of its infringement on a landlord's rights provided by the summary procedures set forth under R.C. Ch. 1923.

{¶ 26} Ori asserts that a landlord will suffer further delays by being required to refile the action or file an appeal. The forcible entry and detainer summary process is, and is designed to be, "too short in duration to be fully litigated before its cessation or expiration," and "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Robinson v. Indus. Comm.*, 2005-Ohio-2290, ¶ 8 (10th Dist.), citing *State ex rel. Calvary,* 89 Ohio St.3d at 231; *Amujiogu*, 2022-Ohio-1323, at ¶ 7 (8th Dist.).

{¶ 27} In *Shaker House LLC*, 2022-Ohio-2778, this court reversed and remanded the action to the housing court to grant the writ of restitution within 30 days of the appellate judgment, but the court did not comply. On September 16, 2022, Shaker House LLC commenced a mandamus action in *State ex rel. Shaker House LLC v. Scott*, 8th Dist. Cuyahoga No. 111952, to compel issuance of the writ. Thus, Shaker House LLC was forced to file an appeal and writ action to exercise its summary process rights under R.C. Ch. 1923.

{¶ 28} In *State ex rel. Shaker Hts. Apts. Owner, LLC v. Scott*, 2023-Ohio-2589 (8th Dist.), the relator sought via procedendo and mandamus actions to compel the respondents to issue a decision in the underlying eviction action, *Shaker Hts. Apts. Owner, LLC v. Granberry*, Cleveland M.C. No. 2023-CVG-002960, as well as to issue decisions in all such cases in a timely manner. The relator also sought to compel the respondents to require defendants in forcible-entry-and-detainer actions to post bond under R.C. 1923.08 when a continuance is granted in excess of eight days.

{¶ 29} On the question of mootness in *Shaker Hts. Apts. Owner*, this court recounted multiple cases where landlords brought complaints for mandamus and procedendo orders against the housing court to have writs of restitution issued where the landlords had presented sufficient evidence of compliance with R.C. Ch. 1923.[1] *Id.* at ¶ 3-8. References included *Shaker House LLC*, 2022-Ohio-2778,

---

[1] "When deciding questions of mootness, a court is not limited only to the complaint and may consider other evidence, including extrinsic evidence." *State ex rel. AIY Props., Inc. v. Scott*, 2023-Ohio-3484, ¶ 8, fn.1 (8th Dist.), citing *State ex rel. Evans*

discussed herein finding that Mun. Ct. R. Prac. & P. 3.015 was invalid. Also referenced was *State ex rel. Shaker Hts. Apts. Owner, LLC v. Scott*, 2023-Ohio-1901 (8th Dist.), where "the respondent judge had issued stays in 28 underlying forcible entry and detainer cases on the grounds of unclean hands." *Id.* at ¶ 7.

> Pending in the Cleveland Municipal Court was *Cleveland v. Shaker Hts. Apartments Owner, LLC*, Cleveland M.C. No. 2022CRB005101, a first-degree misdemeanor for failure to comply with an order of the Cleveland Building Department. Judge Scott had issued an order in each of the 28 subject cases, staying the eviction hearings until resolution of the pending criminal case because of the equitable doctrine of clean hands.

*Id.* at ¶ 1.

{¶ 30} Thus, this court granted the writs in those cases and denied the requests of respondents to dismiss on the grounds of mootness. "So too in the present case, this court's own docket evidences a pattern of delay in forcible entry and detainer cases that thwarts the purpose of R.C. Ch. 1923." *Shaker Hts. Apts. Owner, LLC*, 2023-Ohio-2589, at ¶ 15 (8th Dist.). "The repetition of cases before this court convinces it that applying the principle of 'capable of repetition, yet evading review' is appropriate in this matter and considering the underlying issue of delay in forcible entry and detainer actions." *Id.*[2]

---

*v. Mohr*, 2018-Ohio-5089, ¶ 5. *AIY* involved writs of mandamus and procedendo addressing several issues surrounding the housing court's delays in granting evictions, including writs relating to the impediments to R.C. Ch. 1923 posed by provisions of Mun. Ct. R. Prac. & P. 3. This court declined to address the validity of the provisions in a mandamus action where AIY was essentially seeking a declaratory judgment regarding the rules. *AIY* at ¶ 18-19.

[2] *See also State ex rel. Cleveland 2, LLC,* 2023-Ohio-3066 (8th Dist.), issuing peremptory writs of mandamus and procedendo and ordering respondents to proceed to

{¶ 31} Due to the pattern of delays in forcible-entry-and-detainer cases over the past several years and the fact that Loc.R. 3.014 and subsequently Section 3(B)(4)(a) is still in effect, we find that the exception to mootness for issues that are "capable of repetition, yet evading review has been met" as: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Amujiogu,* 2022-Ohio-1323, at ¶ 7 (8th Dist.).

{¶ 32} Ori also argues that the appeal meets the exception concerning matters of great public or general interest.

> [Section 3(B)(4)(a)] improperly seeks to enforce Cleveland Codified Ordinances ("CCO") Sections 365.02 and 365.04 in forcible entry and detainer actions. Continued enforcement of [Section 3(B)(4)(a)] subjects all landlords to additional elements to bring eviction actions which are not required by R.C. 1923.01, et seq., exceeding the Housing Court's authority under Civ.R. 83, and which abridge, enlarge, or modify a substantive right in violation with Article IV, Section 5(B) of the Ohio Constitution. As such, the enforceability of [Section 3(B)(4)(a)] is of grave importance to the general public, and the mootness doctrine should permit the appeal to proceed even if Appellee vacates the subject Premises.

Supplemental Brief p. 3.

{¶ 33} This court's determination that the capable of repetition exception applies in this case renders the second exception posed moot as the issues cited in Ori's general public interest argument are addressed within the analysis of the first exception. "'American courts will not decide cases in which there is no longer an

---

judgment without delay in all pending forcible-entry-and-detainer cases because the underlying cases had proceeded to judgment. *Id.* at ¶ 4.

actual legal controversy between the parties.'" *Cyran*, 2018-Ohio-24, at ¶ 9, quoting *In re A.G.*, 2014-Ohio-2597, at ¶ 37.

## IV. Assignment of Error

{¶ 34} Ori assigns a single error on appeal: The trial court committed prejudicial error in dismissing Appellant's complaint in forcible entry and detainer and denying Appellant a writ of restitution to retain possession of the Premises.

{¶ 35} Appellee Nicols did not appear in the trial court nor file a responsive brief in this case. Generally, when an appellee fails to file responsive briefs, "this 'court may accept the appellant's statement of the facts and issues as correct and reverse judgment if appellant's brief reasonably appears to sustain such an action.'" *Smallwood v. Shiflet,* 2016-Ohio-7887, ¶ 8, fn. 1 (8th Dist.), quoting App.R. 18(C).

{¶ 36} However,

> App.R. 18(C) does not impose a form of appellate default judgment where the court of appeals can reverse solely because the appellee failed to file a brief. Reversal is warranted only if the arguments in the appellant's brief reasonably appear to support a reversal.

*In re S.M.T.*, 2012-Ohio-1745, ¶ 3 (8th Dist.).

{¶ 37} In the interest of justice, we have reviewed the record in this case and issue an opinion.

### A. Standard of Review

{¶ 38} We review questions of statutory interpretation de novo. *Ceccarelli v. Levin*, 2010-Ohio-5681, ¶ 8. "'No court—not a trial court, not an appellate court, nor even a supreme court—has the authority, within its discretion, to commit an error of law.'" *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38, quoting *State v. Boles*,

2010-Ohio-278, ¶ 17 (2d Dist.). "This should be axiomatic: a court does not have discretion to misapply the law. A court has discretion to settle factual disputes or to manage its docket, for example, but it does not have discretion to apply the law incorrectly." *Id.* That is why courts apply a de novo standard when reviewing issues of law. *Id.*, citing *Hudson v. Petrosurance, Inc.*, 2010-Ohio-4505, ¶ 30.

### B. Discussion

{¶ 39} Ori contends that Section 3(B)(4)(a) is contrary to law and invalid because it conflicts with the purpose of the forcible entry and detainer statutes under R.C. Ch. 1923 and with this court's holding in *Shaker House LLC,* 2022-Ohio-2778. This court agrees.

{¶ 40} Both the instant case and *Shaker House LLC*, 2022-Ohio-2778, (8th Dist.), involve Cleveland, Ohio, Codified Ordinances ("C.C.O.") Chapter 365 entitled "Rental Registration and Lead-Safe Certification." The instant case involves the rental registration certificate required by C.C.O. 365.02 and Section 3(B)(4)(a). *Shaker House LLC* involved the trial court's dismissal of the landlord's complaint for forcible entry and detainer against defendant-appellee Daniel for failing to comply with Mun. Ct. R. Prac. & P. 3.015 that required a landlord to obtain a lead-safe compliance certification pursuant to C.C.O. 365.04 as a condition precedent to obtaining an eviction.[3] The trial court dismissed Shaker House LLC's complaint for

---

[3] Daniel did not file a responsive brief but Amici Curiae filed a merit brief in support of Daniel. The Amici was comprised of Legal Aid Society of Cleveland, Enterprise Community Partners, Environmental Health Watch, Schubert Center for Child Studies of Case Western Reserve University, the George Gund Foundation, United Way of Greater

failure to comply with Mun. Ct. R. Prac. & P. 3.015 though the landlord established compliance with R.C. Ch. 1923. This court reversed the trial court's judgment.

{¶ 41} The purpose of R.C. Ch. 1923 governing forcible-entry-and-detainer actions """is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate in the cases especially enumerated by statute.""" *Shaker House LLC* at ¶ 12, quoting *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 131 (1981), quoting 24 Ohio Jur.2d, Forcible Entry and Detainer, § 2., at 455.

{¶ 42} The local rule "effectively adds an additional element to an eviction cause of action that is not required by the eviction statutes." *Id*. at ¶ 15. "Courts may not add or delete elements to statutory claims by judicial fiat." *Id*., citing *Hulsmeyer v. Hospice of S.W. Ohio, Inc.*, 2014-Ohio-5511, ¶ 26, *In re Application of Columbus S. Power Co.*, 2014-Ohio-462, ¶ 26 ("The court must give effect to the words used, making neither additions nor deletions from words chosen by the General Assembly.").

{¶ 43} Given the summary nature of the forcible entry and detainer process, """the drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy.""" *Shaker House LLC*, 2022-Ohio-2778, at ¶ 12 (8th Dist.), quoting *Miele v. Ribovich*, 90 Ohio St.3d 439, 441 (2000), quoting *Jackson* at 131. Thus, this court determined

Cleveland, the Legal Aid Society of Southwest Ohio, LLC, Southeastern Ohio Legal Services, Advocates for Basic Legal Equity, Inc., and the Ohio Poverty Law Center, LLC.

that Mun. Ct. R. Prac. & P. 3.015 impeded the purpose and policy of R.C. Ch. 1923. *Id.* at ¶ 15.

{¶ 44} Also indicative of the Ohio Supreme Court's recognition of the summary nature of the process, Ohio Civ.R. 1(C) excepts "forcible entry and detainer" and several other actions from application of the civil rules, "to the extent that they would by their nature be clearly inapplicable . . . ." *Id.* For that reason, "'when the operation of a local court rule and an Ohio Civil Rule conflict, the local rule must give way to the operation of the Civil Rule.'" *Colosimo v. Kane*, 2015-Ohio-3337, ¶ 42, (8th Dist.), quoting *Fidelity & Guar. Ins. Underwriters v. Aetna Cas. & Sur. Co*, 1993 Ohio App. LEXIS 3324 *45 (6th Dist. June 30, 1993).

{¶ 45} This court concluded in *Shaker House LLC* that the trial court's dismissal of the complaint for the failure to comply with Mun. Ct. R. Prac. & P. 3.015 "effectively adds an additional element to an eviction cause of action that is not required by the eviction statutes." *Id.* at ¶ 15.

{¶ 46} In the instant case addressing Section 3(B)(4)(a), Section 3 is entitled "Civil Rules." Section 3(B) is entitled "Documents to be filed with Complaint" and directs that a plaintiff provide evidence of (1) the status of domestic, foreign and fictitious entities, (2) current ownership, and (3) certification regarding criminal housing cases involving the plaintiff. Section 3(B)(4)(a) provides:

> *4. Evidence of Current Cleveland Residential Rental Registration Status.*
>
> *a. Complaints in eviction must include, at the time of filing, documentary evidence from the City of Cleveland Department of Building and Housing verifying the active registration of the premises*

> *with the City's Rental Registration Program, or an exemption thereto.*
> *See C.C.O. Chapter 365.*

(Emphasis added.) *Id.* Section 3(B)(5) adds as to all of the documents listed that the "[f]ailure to include sufficient documentation may result in sanctions, up to the dismissal of the complaint without prejudice."

{¶ 47} The trial court adopted the magistrate's decision that stated, "[t]estimony was taken and the only finding that was not in favor of Plaintiff was that Plaintiff has not provided documentary evidence of rental registration per [Section 3(B)(4)(a)]." Thus, there is no dispute that Ori fully complied with the requirements of R.C. Ch. 1923 and was entitled to restitution of the premises but for the failure to provide evidence supporting registration under Section 3(B)(4)(a). This is true though R.C. 1923.09(A) provides that "'the judge *shall* render a general judgment against the defendant, in favor of the plaintiff, for restitution and costs of suit'" "'[i]f the judge finds the complaint to be true.'" (Emphasis added.) *Shaker House LLC*, 2022-Ohio-2778, at ¶ 14 (8th Dist.), quoting *id.*

{¶ 48} Ori further argues and case law supports that Section 3(B)(4)(a) is invalid because it violates Ohio Const. art., IV, § 5(B) that provides the Ohio Supreme Court may "'prescribe rules governing practice and procedure in all courts of the state, which rules *shall not abridge, enlarge, or modify any substantive right.*'" (Emphasis in original.) *Shaker House LLC* at ¶ 19, quoting *id.*, R.C. Ch. 1923.

{¶ 49} A "substantive" law is "'that body of law which creates, defines and regulates the rights of the parties.'" *Id*. at ¶ 21, quoting *Krause v. State*, 31 Ohio St.2d 132, 145 (1972). The local rule conflicts with the substantive rights of the landlord under R.C. Ch. 1923. The article further states that "'[c]ourts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court.'" *Id.*

{¶ 50} Similarly noted in *Shaker House LLC*, and applicable here, Civ.R. 83 provides that a local court may adopt "'*rules of practice* which shall not be inconsistent with these rules or with other rules promulgated by the Supreme Court[.]'" *Id*. at ¶ 19. (Emphasis in original.) *Shaker House LLC*, 2022-Ohio-2778, at ¶ 19 (8th Dist.). Consequently, the housing court is authorized to adopt local rules of practice that are consistent with the rules promulgated by the Ohio Supreme Court, which "'shall not abridge, enlarge, or modify any substantive right.'" *Id*., quoting Ohio Const., art. IV, § 5(B). *See also* Ohio Civ.R. 1(A) that states the Ohio Civil Rules "prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in division (C) of this rule." "(C) . . . These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedures . . . (3) in forcible entry and detainer . . . ." *Id.*

{¶ 51} "'[W]hen the operation of a local court rule and an Ohio Civil Rule conflict, the local rule must give way to the operation of the Civil Rule.'" *Colosimo,*

2015-Ohio-3337, at ¶ 42, quoting *Fidelity & Guar. Ins. Underwriters v. Aetna Cas. & Sur. Co.*, 1993 Ohio App. LEXIS 3324 *45 (6th Dist. June 30, 1993).

{¶ 52} To elaborate:

> "[I]f a rule created pursuant to Section 5(B), Article IV conflicts with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law." *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 17, citing *Boyer v. Boyer*, 46 Ohio St.2d 83, 86, 346 N.E.2d 286 (1976*). See also State ex rel. Gudzinas v. Constantino*, 43 Ohio App.3d 52, 53, 539 N.E.2d 173 (11th Dist.1988) ("Although municipal judges have the power under R.C. 1901.14(A)(3) to adopt rules governing the administration of the court, such rules are invalid if they conflict with state statute.").

*Id.* at ¶ 20.

{¶ 53} Ori further proffers that the local rule exceeds the trial court's authority under R.C. 1901.181 which provides that

> the housing court has exclusive jurisdiction over "any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation . . . ."

*Shaker House LLC,* 2022-Ohio-2778, at ¶ 17 (8th Dist.), quoting R.C. 1901.181. "However, an eviction action is not a 'civil action to enforce' any local ordinance." *Id.*, quoting *id.*

{¶ 54} Ori further states that the Cleveland Codified Ordinances do not empower the local rule to infringe a landlord's rights under R.C. Ch. 1923 as a sanction for violating the ordinance. It argues that the Cleveland housing ordinances fall under the sole authority of the Cleveland Housing Commissioner per C.C.O. 367.01 and 367.99. C.C.O. 367.01 provides that the "Housing Code shall be enforced by the Commissioner of Housing" and sets forth the procedures and

penalties for enforcement and not the housing court's local rules. Violators of C.C.O. 365.02 regarding rental registration (and of C.C.O. 365.04 concerning lead-safe certification per *Shaker House LLC*) "shall be guilty of a misdemeanor of the first degree. Each day of a continuing violation shall be deemed a separate offense." C.C.O. 367.99(d).

{¶ 55} The Section 3(B)(4)(a) registration certificate requirement stems from C.C.O. 365.02 which provides in part:

> "Non-Owner-Occupied Residential Unit Registration Required; Application for and Issuance of Certificate of Non-Owner-Occupied Residential Registration; Certificate Approving Rental Occupancy; Revocation
>
> (a) Non-Owner-Occupied Residential Unit Registration Required. An owner of a non-owner-occupied residential unit or units located in the City shall apply to register each unit in a manner prescribed in writing by the Director in a publicly available non-owner-occupied residential unit registry established and maintained by the Director. Upon approval of an application, the owner shall receive a Certificate of Non-Owner-Occupied Residential Unit Registration. Such an owner, before renting such a unit, shall obtain a Certificate Approving Rental Occupancy. . . .

C.C.O. 365.02(a).

{¶ 56} The certificate must be renewed annually on or before March 1 of each calendar year. C.C.O. 365.02(b). The registration contains the name, address, telephone number, and email address of the property owners including corporate or partnership information. The owners must also identify who is in charge of the unit and provide on-site and emergency contact property management information. In addition, use and occupancy information and a statement regarding the lead-safe certification status is required where applicable. C.C.O. 365.02(c).

{¶ 57} The certificate establishes that the unit has been registered with the building and housing department but does not certify that the unit is "safe from lead paint hazards, meets Housing Code and Building Code requirements, or is fit and habitable to live in." C.C.O. 365.02(c). To establish compliance with the latter requirements, an owner must secure a "Certificate Approving Rental Occupancy" from the Department of Building and Housing prior to renting a residential unit. C.C.O. 365.02(c) and (d).

{¶ 58} C.C.O. 365.02 is a substantive obligation that creates a duty on the part of landlords to take certain steps regarding registration and management of their rental properties. The purpose of Section 3(B)(4)(a) is to force compliance with C.C.O. 365.02. "Requiring proof of compliance with a local ordinance before allowing a party to proceed with an eviction action is not a practice and procedure rule analogous to setting a deadline for requesting a jury or setting discovery deadlines." *Shaker House LLC,* 2022-Ohio-2778, at ¶ 21 (8th Dist.). Thus, the ordinance adds an additional impermissible substantive condition to R.C. Ch. 1923. *See e.g.*, *id.*, and C.C.O. 365.04, "Lead Safe Certification Required for Residential Rental Units Built Before January 1, 1978."

{¶ 59} "'[W]henever a statute is in conflict with a rule of the common law, or of equity, the statute must prevail.'" *Cousins Waste Control Corp. v. Wellston*, 1995 Ohio App. LEXIS 2315, *13 (4th Dist. May 26, 1995), quoting *Wellston v. Morgan*, 65 Ohio St. 219 (1901). The housing court may not use its equitable powers to thwart the purpose of the forcible-entry-and-detainer statutes, which is to provide a speedy

method for the recovery of possession of leased property. *Shaker House LLC* at ¶ 27 (8th Dist.).

**Conclusion**

**{¶ 60}** This court finds that Ori's arguments have merit and agrees that the local rule is invalid to interfere with a forcible-entry-and-detainer action.

**{¶ 61}** Section 3(B)(4)(a) is contrary to law and invalid because it conflicts with the purpose and policy of R.C. Ch. 1923 pursuant to this court's holding in *Shaker House LLC*, 2022-Ohio-2778 (8th Dist.). The local rule "effectively adds an additional element to an eviction cause of action that is not required by the eviction statutes." *Id*. at ¶ 15. The local rule also "abridge[s], enlarges[s], or modif[ies]" the substantive rights of a landlord under R.C. Ch. 1923 in violation of the Ohio Const., art. IV, § 5(B). *Id*. at ¶ 19.

**{¶ 62}** The local rule also conflicts with the Ohio Civil Rules of Procedure. Civ.R. 83 directs that a local court may not adopt rules of practice that are inconsistent with the Civil Rules or other rules promulgated by the Ohio Supreme Court. *Shaker House LLC* at ¶ 19, and Ohio Const., art. IV, § 5(B). *See also* Civ.R. 1(C)(3) that provides that the rules "shall not apply" to forcible-entry-and-detainer actions.

**{¶ 63}** This court agrees that the local rule exceeds the trial court's authority under R.C. 1901.181 that gives housing courts exclusive jurisdiction for certain civil actions but "an eviction action is not a 'civil action to enforce' any local ordinance." *Shaker House LLC* at ¶ 17, quoting R.C. 1901.181.

{¶ 64} C.C.O. 365.02 is a substantive obligation that creates a duty on the part of landlords to take certain steps regarding registration and management of their rental properties. The purpose of Section 3(B)(4)(a) is to force compliance with C.C.O. 365.02, effectively adding an impermissible condition to R.C. Ch. 1923, impeding the substantive rights of landlords.

{¶ 65} The housing court may not use its equitable powers to negate the purpose of the forcible-entry-and-detainer statutes to provide a speedy method for the recovery of leased property. *Shaker House LLC* 2022-Ohio-2778, at ¶ 27 (8th Dist.).

{¶ 66} Ori's assignment of error is sustained. The trial court erred, and the judgment is reversed. The case is remanded to the trial court to grant Ori's forcible-entry-and-detainer claim within 30 days of the date of this court's judgment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the Cleveland Municipal Court, Housing Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR